IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CESAR EMILIO PERALTA-ADAMEZ,

Plaintiff,

      v.

UNITED STATES OF AMERICA, et al.,

Defendants.

CIVIL NO. 24-1575 (CVR)

**ORDER**

      Before the Court is Defendants' "Informative Motion and Motion Requesting Order Pursuant to Fed.R.Civ.P. 4(m)", where they ask the Court to take notice of the improper service of process as to Defendants and to enter an order dismissing the case pursuant to Fed.R.Civ.P. 4(m). (Docket No. 68). This Motion stands unopposed. The Defendants' request to dismiss is GRANTED.

      Service of process upon officers of United States takes several steps. First, the individual officers, as well as the United States, have to be served with a copy of the summons and complaint at the United States Attorney's Office in Puerto Rico. See Fed. R.Civ.P. 4(i)(1)(A)(i).

      In the present case, the summons accompanying the Amended Complaint that was served at the United States Attorney's Office in Puerto Rico was not addressed to any specific defendant, but only to the "US Attorney for the District of Puerto Rico", who is not a party but rather, only receives service for federal defendants. (Docket Nos. 9 and 14). The service effected did not to include the summonses addressed to each of the five defendants or the United States, thus failing to meet the first step. (Docket No. 48, pp. 11-112).

Case 3:24-cv-01575-CVR   Document 71   Filed 07/21/25   Page 2 of 3

César Emilio Peralta-Adamez v. United States of America, et al.
Order
Civil 24-1575 (CVR)
Page 2
_____

In addition, proper personal service upon the individual Defendants must also be made. Four of the Defendants did not receive the Amended Complaint, in contravention to Federal Rule of Civil Procedure 4(c), which states that "[a] summons must be served with a copy of the complaint." (Docket No. 48, p. 12 and Exhibit 3). Personal service upon Defendant Adán seems to have been properly effected after several attempts were made (Docket No. 62), but because the service upon the agency was ineffective, the service upon Defendant Adán was therefore not perfected. See Fed.R.Civ.P. 4(i)(2) and (3).

Plaintiff was advised as to this situation multiple times (See Docket Nos. 18, 25, 48, 68 and 69), and admits service was not properly done, but argues instead that the U.S. Marshals Service is to blame. (See Docket 57, pp. 2-4; "The failure to serve the remaining defendants is solely the result of the U.S. Marshals Service's (USMS) lack of coordination and inaction, not any failure by the Plaintiff. Despite Plaintiff's full compliance with court orders, multiple efforts to facilitate service, and repeated follow-ups with both the Marshals and MDC Guaynabo's Legal Division, the Marshals failed to properly execute service on all named defendants.").

The Court cannot agree, as it is the Plaintiff's burden to effect proper service upon any defendant in all cases. Furthermore, in spite of admitting service was not properly done, Plaintiff failed to seek any recourse from this Court to remedy this situation. As such, the ninety (90) day time limit to serve process upon Defendants has passed, and the Court lacks jurisdiction over Defendants and cannot entertain this case. See Fed.R.Civ.P. 4(m); Precision Etchings & Findings v. LGP Gem, Ltd., 953 F.2d 21, 22 (1st Cir. 1992) ("Personal jurisdiction is established either by proper service of process, or by the defendant's waiver of any defect in the service of process.").

César Emilio Peralta-Adamez v. United States of America, et al.
Order
Civil 24-1575 (CVR)
Page 3
_____

For the above reasons, Defendant's Motion requesting an order dismissing this case pursuant to Fed.R.Civ.P. 4(m) is GRANTED (Docket No. 68). Consequently, this case is DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 21st day of July 2025.

                                        S/CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES DISTRICT JUDGE